UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-cv-370-FDW

| | |
|---|---|
| CHASTIS NIXON, ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | **ORDER** |
| JOHN DOE, et al., ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983, (Doc. No. 1). See 28 U.S.C. §§ 1915(e)(2); 1915A. Also before the Court are the following motions filed by Plaintiff: (1) Motion to Amend/Correct Complaint, (Doc. No. 9); (2) Motion to Appoint Counsel, (Doc. No. 10); (3) Motion for Entry of Default, (Doc. No. 11); and (4) Motion for Letter of Inquiry, (Doc. No. 12). On September 30, 2015, the Court entered an order waiving the initial filing fee and directing monthly payments to be made from Plaintiff's prison account. (Doc. No. 8). Thus, Plaintiff is proceeding in forma pauperis.

**I.   BACKGROUND**

Pro se Plaintiff Chastis Nixon, a North Carolina state inmate currently incarcerated at Alexander Correctional Institution in Taylorsville, North Carolina, filed this action on August 14, 2015, pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiff names as Defendants "Superintendent of Salisbury Correctional Institution," "Superintendent of Alexander Correctional Institution," "Gaston County Municipality," "Gaston County Jail," "Gaston County Jail (not sure of officers names)," "Commissioner and/or policy maker of prisons N.C. D.P.S.,"

1

"Raleigh Prisoner Legal Service," "Appropriate Alexander Staff," and "Appropriate Salisbury Staff." (Doc. No. 1 at 1). Plaintiff states in the Complaint that "discovery will identify specific persons—I'm currently being denied access to courts via no law library." (Id.).

Plaintiff's allegations are voluminous, vague, and rambling. He complains that, in the various jails and prisons where he has been incarcerated, numerous unnamed individuals have violated almost every one of his federal constitutional rights. For instance, he claims that he was subjected to cruel and unusual punishment based on intolerable conditions of confinement, including allegedly being unnecessarily strip-searched while at Salisbury Correctional Institution. He also contends, among other things, that numerous unnamed persons have been deliberately indifferent to his serious medical needs; he contends that his First Amendment right to access to the courts and the right to exercise his religion were violated; and he contends that his Fourteenth Amendment due process rights were violated in relation to disciplinary proceedings brought against him at Alexander Correctional Institution, where he is currently incarcerated.

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. In its

frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

### III. DISCUSSION

This court first addresses Plaintiff's motion to appoint counsel. In support of the motion, Plaintiff states that he is incarcerated, has limited knowledge of the law, and has no access to a law library, and that the issues involved in this case are complex. There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). Notwithstanding Plaintiff's contentions to the contrary, this case does not present exceptional circumstances that justify appointment of counsel. Therefore, Plaintiff's motion to appoint counsel will be denied.

This Court finds on initial review that, because Plaintiff's Complaint suffers from numerous deficiencies, Plaintiff must amend his complaint or this action will be subject to dismissal without prejudice and without further notice to Plaintiff. The Court first notes that the complaint is inadequate in that Plaintiff's allegations are simply too vague as to most of the claims he purports to raise. The complaint is filled with vague allegations of rights being violated without giving times, dates, or the persons who allegedly violated Plaintiff's rights. For instance, Plaintiff alleges vaguely that his right to access to the courts has been denied because the jails and prisons where he has been incarcerated forced him to mail out some of his legal materials rather than allowing him to keep them in his cell. Plaintiff alleges vaguely that when he arrived at Salisbury Correctional Institution, he was "forced to send legal work home once

3

again—this caused damage [to] numerous cases I planned to file." (Doc. No. 1 at 6). Allegations that unnamed persons deprived Plaintiff of unspecified legal materials, thus preventing him from filing unspecified legal claims that he <u>might</u> file sometime in the future is not enough to state a First Amendment claim for denial of access to the courts. As another example, Plaintiff alleges in the Complaint that "Muslims can order oils but Wiccans can't this violates my first amendment rights." (Doc. No. 1 at 13). These allegations are simply not enough to state a cognizable claim of a violation of his First Amendment right to exercise his religion.

In an amended complaint, Plaintiff needs to provide specific allegations—that is, he needs to allege facts with specific dates and persons, and conduct that allegedly violated his constitutional rights.[1] Additionally, Plaintiff's amended complaint must be complete in and of itself. This is because the amended complaint will supersede the original complaint, meaning the original complaint will no longer have any force. In other words, Plaintiff may not amend the complaint "piecemeal"—he simply cannot add on to what he has already alleged in the complaint. To this extent, the Court will instruct the Clerk to mail Plaintiff a new Section 1983 form for Plaintiff to submit an amended complaint, if he so wishes.

Next, as for the individual Defendants, Plaintiff has simply named "John Doe" Defendants in the complaint, and he claims that "discovery will identify specific persons—I'm currently being denied access to courts via no law library." (Doc. No. 1 at 1). Plaintiff is entitled to limited discovery to determine the names of individual Defendants only if he can

---

[1] The Court is sympathetic to Plaintiff's plight in that the Court recognizes that pro se prisoners often have limited access to legal materials and resources. However, this Court may not and will not write Plaintiff's Complaint for him.

show the Court that the discovery will likely reveal the names of the persons who allegedly violated his rights.  See (Chidi Njoku v. Unknown Special Unit Staff, 217 F.3d 840 (4th Cir. 2000) ("The designation of a John Doe defendant is generally not favored in the federal courts; it is appropriate only when the identity of the alleged defendant is not known at the time the complaint is filed and the plaintiff is likely to be able to identify the defendant after further discovery.").  The Court will not allow Plaintiff to go on a fishing expedition.  Based on the plethora of vague allegations against unnamed persons, this is likely what will happen if the Court allows Plaintiff to conduct discovery to determine the names of the individuals who allegedly violated his rights.  As to many of his alleged claims, Plaintiff does not give specific dates or specific facts regarding the alleged constitutional violations.  Without this information, it is highly unlikely that Plaintiff will be able to identify through discovery the individual defendants who allegedly violated his constitutional rights.

The Court further notes that, to the extent that Plaintiff has named various supervisors at the prisons and jails where he has been incarcerated solely based on their supervisory positions, these Defendants are subject to dismissal.  See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978) (stating that under § 1983, liability is personal in nature, and the doctrine of respondeat superior does not apply).  In his amended complaint, Plaintiff must allege how each individual Defendant personally participated in the alleged violations of constitutional rights.

Next, to the extent that some of Plaintiff's allegations in his complaint allege constitutional violations in his underlying criminal proceedings, those claims are barred by the principles announced in Heck v. Humphrey, 512 U.S. 477 (1994) ("[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a section 1983

plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.").

Finally, and most significantly, the Court notes that Plaintiff has alleged numerous, unrelated claims against numerous, unrelated defendants in this action. Plaintiff is placed on notice that he may not bring unrelated claims against unrelated parties in a single action. See FED. R. CIV. P. 18(a), 20(a)(2); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (noting that "[u]nrelated claims against different defendants belong in different suits," so as to prevent prisoners from dodging the fee payment or three-strikes provisions in the Prison Litigation Reform Act). Plaintiff may bring a claim against multiple defendants as long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are common questions of law or fact. FED. R. CIV. P. 20(a)(2). Here, Plaintiff's unrelated claims against different defendants may not be litigated in the same action. For instance, Plaintiff's First Amendment religious exercise claim against unnamed individuals is wholly unrelated to his Eighth Amendment deliberate indifference claim against other unnamed individuals. Plaintiff's amended complaint may bring his claims against different defendants only as long as the claims arise out of the same transaction or occurrence, or series of transactions and occurrences, and there are common questions of law or fact. If Plaintiff wants to pursue wholly distinct and separate claims, he must pursue them in separately filed actions.

## IV. CONCLUSION

For the reasons stated herein, Plaintiff shall have thirty (30) days in which to amend his complaint in accordance with this order.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff shall have thirty (30) days in which to amend the complaint, particularizing his claims and providing facts to support his legal claims and identifying individual Defendants subject to suit. If Plaintiff fails to amend the complaint within the time limit set by the Court, this action will be dismissed without prejudice and without further notice to Plaintiff. Furthermore, to the extent that an amended complaint purports to bring claims against multiple defendants that are wholly unrelated, the amended complaint will be subject to dismissal without further notice to Plaintiff for the reasons explained in this order.

2. Plaintiff's Motion to Amend/Correct Complaint, (Doc. No. 9), is **GRANTED** to the extent that Plaintiff may file an amended complaint in accordance with this order.

3. Plaintiff's Motion to Appoint Counsel, (Doc. No. 10), and Plaintiff's Motion for Entry of Default, (Doc. No. 11), are **DENIED**.

4. Plaintiff's Motion for Letter of Inquiry, (Doc. No. 12), is **GRANTED** to the extent that this Court has now conducted an initial review of the complaint.

5. The Clerk is directed to mail Plaintiff a new Section 1983 complaint form.

Signed: February 12, 2016

Frank D. Whitney
Chief United States District Judge