| | |
|---|---|
| **CHASTIS NIXON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) |
| | ) |
| | )    **ORDER** |
| | ) |
| **JOHN DOE, et al.,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

This matter is before the Court on Plaintiff's Motion for Extension of Time to Amend Complaint/Motion to Compel Discovery, (Doc. No. 14).

As to Plaintiff's motion for extension of time to amend the Complaint, Plaintiff shall have up to and including thirty days to file an Amended Complaint.  However, the Court will grant no further extensions of time.

As to Plaintiff's motion to compel discovery, Plaintiff asks this Court "to compel discovery allowing him a chance to gather facts supporting his complaint" and Plaintiff asks the Court "how do I compel discovery to try and secure specific names the court requested?"  (Doc. No. 14 at1).  First, as to Plaintiff's motion for an order from this Court compelling discovery so that Plaintiff can "gather facts supporting his complaint," discovery does not commence until a Pretrial Order and Case Management Plan is entered.  Local Civ. R. 16.1(F).  Moreover, when filing a civil action, all that is required in the Complaint itself is a short and plain statement showing that Plaintiff is entitled to relief.  See Fed. R. Civ. P. 8(a).  Plaintiff should have already have in his own knowledge the facts that led to his alleged claims.  Therefore, Plaintiff's request

1

to conduct discovery before he files an Amended Complaint is denied.

Next, as to Plaintiff's request for an order compelling discovery to obtain the names of various persons who allegedly violated Plaintiff's constitutional rights, as the Court explained in a prior order, Plaintiff is entitled to limited discovery to determine the names of individual Defendants only if he can show the Court that the discovery will likely reveal the names of the persons who allegedly violated his rights. See (Chidi Njoku v. Unknown Special Unit Staff, 217 F.3d 840 (4th Cir. 2000) ("The designation of a John Doe defendant is generally not favored in the federal courts; it is appropriate only when the identity of the alleged defendant is not known at the time the complaint is filed and the plaintiff is likely to be able to identify the defendant after further discovery."). Plaintiff has not met this burden in his pending motion. Once Plaintiff files an Amended Complaint, the Court may reconsider Plaintiff's request to conduct discovery to obtain the names of the individual Defendants, but only if Plaintiff can meet his burden of showing that the discovery will likely reveal the names of the persons who allegedly violated his rights.

**IT IS, THEREFORE, ORDERED** that:

1.      Plaintiff's Motion for Extension of Time to Amend Complaint, (Doc. No. 14), is **GRANTED**, and Plaintiff shall have thirty days in which to file an Amended Complaint. To the extent that Plaintiff brings a separate motion to compel discovery, the motion is **DENIED**.

2.      In accordance with Plaintiff's request, the Clerk is respectfully instructed to mail Plaintiff a copy of his original Complaint in this matter.

Signed: March 11, 2016

Frank D. Whitney
Chief United States District Judge